**UNITED STATES COURT OF APPEALS** **February 1, 2012**

**FOR THE TENTH CIRCUIT**

KENNETH PAUL POLA, individually
and as a parent to minor WLP,

Plaintiff-Appellant,

v.

STATE OF UTAH; CHURCH OF
JESUS CHRIST OF LATTER DAY
SAINTS; MARK VAN ROSENVELT,
Lt.; ALICIA ZAVALA-LOPEZ;
AMERICA FIRST CREDIT UNION;
AMERICAN FAMILY INSURANCE;
ANITA MONSON; APOLLO GROUP;
BARACK HUSSEIN OBAMA,
President; BEST BUY; BLAIR
SMITH; BOYD K. PACKER;
BRANDON B. SALTZGIVER;
BRENDAN P. MCCULLAGH;
BRIAN CORPRON; BRIAN DUNN;
BRIAN R. BARNHILL; BROOKE R.
PAGE; CAMIE PRATT; CANDACE
A. GLEED; CARY EVANS; CATHY
MULLINS; CHERYL LAWSON;
CHRISTY CHANDONIA; CINDEE
JENSEN; CINDY CHRISTENSEN;
CONVERGYS; DANNY GIRON;
DARREN MOWER; DAVE
HOENSHELL; DAVID E. YOCOM;
DAVID J. HOLDSWORTH; DEBBIE
L. HANN; DENICE BROWN POLA;
DIRECTV, INC.; DON WALKER;
ERNEST GONZALES; FRED M.
CIVISH; FRED W. POLA; GARY R
HERBERT; GREG GOODMAN;
HEATHER GUNNERSON
MORRISON; INTERMOUNTAIN

No. 11-4040
(D.C. No. 2:11-CV-00095-TC)
(D. Utah)

HEALTH CARE INC.; INGDIRECT; JAMES H. DEANS; JAMES RUSSO; JAMES W. WINDER; JAMIE LOCKE; JANICE BARSON; JEAN D. ASHLEY; JIM KARPOWITZ; JOE TATE; JOHN PEARCE; JOHN SWALLOWS; JON M. HUNTSMAN, JR.; KARA WESTON; KENNETH SARDONI; KEITH L. STONEY; KRISTEN COX; LANE MORRIS; LARRY THORNE; LEIGH A. ADAMS-CURD; LEVI LORENC; MARK FERRARO; MARK L. SHURTLEFF; MARTY B. BUSHMAN; MATHEW MOWER; MELANIE SERASSIO; MICHAEL O. LEAVITT; MICROSOFT; MIKE MILLER; MIKE WINDER; MONICA AUSTIN; MURRY JENSEN; NORMAN JOHNSON; ARNOLD, Officer; BLACK, Officer; CORDOVA, Officer; (FNU) SANDERS, Officer; FNU SANFORD, Officer; STOKES, Officer; REGGIE JOHNSON, Officer; PAM GIRON; PAT NOLA; PAUL D. ISAAC; PAUL G. AMANN; PAUL N. BENNER; PHILLIP D. BECK; QWEST; RANDY MAURER; RICHARD BAGLEY; RICHARD CATTEN; RUSSELL N. CONDIE; RYAN ROBINSON; RYAN ROCK; SARAH BYRD; SCOTT K. SORENSON; SCOTT SPRINGER; STOKES, Sgt.; SHANE MCCAULEY; M. MACKAY, Sheriff; SHERRIE M. HAYASHI; SORENSON COMMUNICATIONS, INC.; STEPHEN B. WATKINS; STEVE CRAWFORD; SUZETTE FALKS; THAYLE NIELSEN; TIMOTHY

DENNIS; TRACY BOUGHN; TRINA
ORR; VALARIE WASHINGTON;
VERN GREENHALGH; WAYNE T.
PYLE; WEST VALLEY CITY; FNU
WILSON; FNU MOON; AURORA
HOLLEY, ALJ; REGGIE JOHNSON,

     Defendants-Appellees.

---

## ORDER AND JUDGMENT[*]

---

Before **KELLY**, **MURPHY**, and **HOLMES**, Circuit Judges.

---

    Kenneth Paul Pola, proceeding pro se here as in the district court, appeals the district court's dismissal of his complaint for failure to state a claim. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

    Mr. Pola filed a 145-page single-spaced complaint with 151 exhibits attached, which the district court found was "incoherent, rambling, and include[d] everything but the kitchen sink." R. Vol. 3 at 111. The district court determined that the complaint did not comply with Rules 8 and 12 of the Federal Rules of Civil Procedure. Pursuant to Rule 8, "[a] pleading that states a claim for relief

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

must contain: . . . a short and plain statement of the claim showing that the pleader is entitled to relief," Rule 8(a)(2), and "[e]ach allegation must be simple, concise, and direct," Rule 8(d)(1). Rule 12(b)(6) permits dismissal of a complaint for "failure to state a claim upon which relief can be granted."

This court's review of the dismissal order is de novo, "accepting as true all of the well-pled factual allegations and asking whether it is plausible that the plaintiff[] [is] entitled to relief." *Coll v. First Am. Title Ins. Co.*, 642 F.3d 876, 886 (10th Cir. 2011) (internal quotation marks omitted). Although pro se filings will be construed liberally, this court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted). "[T]his court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants." *Hall v. Witteman*, 584 F.3d 859, 864 (10th Cir. 2009) (internal quotation marks omitted).

Having reviewed Mr. Pola's complaint, we agree with the district court that it fails to comply with Rules 8 and 12. Moreover, his appellate brief consists of rambling conclusory allegations of wrongs committed by various defendants. His brief is "wholly inadequate to preserve issues for review" and "do[es] not come close to complying with Federal Rule of Appellate Procedure 28." *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Therefore,

we are unable to determine the issues he is attempting to appeal and will not grant him relief.

In addition, Mr. Pola's attacks on the district judge disentitle him to review. *See id.* at 841. In his appellate brief, Mr. Pola has made numerous allegations (without basis) along the following lines: "The Federal court who has a history of fraudulent decisions, such as this, to support racketeering, slavery, and human trafficking/ kidnaping of children and their parents, . . . where they use technicalities, violations of their own rules, treason, falsifying the rules on the Utah .gov website, establishment of a national religion, establishment of a state religion, encouragement of 'get rid of' witnesses, evidence, recordings and support for criminal actions by the LDS church/ State of Utah et, al." [sic, generally], Aplt. Br. at 2, and "The judges [sic] statement was treasonous, criminal, and promoted murder, police brutality, and ignorance for the law." *Id.* at 23.

This court has the inherent power "to impose order, respect, decorum, silence, and compliance with lawful mandates." *Garrett*, 425 F.3d at 841 (internal quotation marks omitted). Exercising that inherent power, we strike Mr. Pola's abusive and offensive language. *See* Fed. R. Civ. P. 12(f) (authorizing the court to strike any impertinent or scandalous matter). Notwithstanding the leniency we ordinarily afford pro se litigants, we "will not allow liberal pleading

rules and pro se practice to be a vehicle for abusive documents." *Garrett*,

425 F.3d at 841 (internal quotation marks omitted).

Mr. Pola has filed several motions seeking injunctive relief from this court.

He has not followed the mandated procedures or made any of the required

showings to obtain a stay from this court. *See* Fed. R. App. P. 8(a);

10th Cir. R. 8.1, 8.2. Therefore, his motions are denied.

The judgment of the district court is AFFIRMED. All pending motions are

DENIED.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge